IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 CR 2 |
| ) | |
| CAMERON RUEBUSCH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2020, Cameron Ruebusch pled guilty to two offenses: (1) attempted second-degree murder of an employee of the United States, and (2) knowingly discharging a firearm during a crime of violence. The Court sentenced him to a prison term of 72 months on the first offense to run consecutively with a sentence of 120 months on the second offense—the mandatory minimum term of imprisonment for that offense—for a total of 192 months (16 years). Mr. Ruebusch has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). For the reasons stated below, the Court denies Mr. Ruebusch's motion.

## Background

This case is based on Mr. Ruebusch's decision to shoot a man he did not know when the victim was driving on a street near Mr. Ruebusch's home. In December 2018, Mr. Ruebusch saw the victim enter an unmarked red minivan parked near Mr. Ruebusch's home. Unbeknownst to Mr. Ruebusch, the victim was a United States

Postal Service (USPS) City Carrier Assistant who was delivering mail in the area, and the red minivan was rented by the USPS. Mr. Ruebusch ran up to the victim's minivan carrying a loaded semiautomatic pistol and began tapping on the passenger side door with the firearm. As the victim attempted to drive away, Mr. Ruebusch intentionally fired multiple shots toward him. One of the shots hit the victim in the right shoulder and left wrist. The victim suffered severe artery and nerve damage in his right shoulder and a collapsed lung. Mr. Ruebusch apparently thought that the victim was an individual who had previously attacked him. The victim did not, however, approach Mr. Ruebusch or his home at any time before Mr. Ruebusch shot him.

 Immediately after the shooting, Mr. Ruebusch attempted to flee, destroy evidence, and create a false alibi. He first went to his mother's apartment building and placed the firearm used in the shooting in a white plastic bag. He hid the bag in the bushes outside the apartment building. Mr. Ruebusch then went to a friend's apartment where he changed his clothes and threw away the clothes he had been wearing at the time of the shooting. He also told his friend and his friend's spouse to provide a false alibi if he was arrested. Mr. Ruebusch returned to his mother's apartment to retrieve the firearm from the bushes and hide it in a nearby forest preserve.

 In April 2019, Mr. Ruebusch was charged with: (1) attempted second degree murder of an employee of the United States, in violation of 18 U.S.C. §§ 1113 and 1114; (2) forcibly assaulting, resisting, opposing, impeding, and interfering with an officer and employee of the United States, using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); (3) knowingly using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (4)

being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In September 2020, he pled guilty to counts 1 and 3. Count 3—knowingly discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)—mandated a minimum sentence of 120 months' imprisonment. The sentence on count 3 must run consecutively to any other term of imprisonment.[1]

At Mr. Ruebusch's sentencing hearing in January 2021, the Court found that two Sentencing Guideline enhancements and one Guideline reduction applied to count 1. First, the Court found a four-point enhancement was appropriate because the victim suffered a life-threatening bodily injury. Second, the Court found that a two-point enhancement was appropriate because Mr. Ruebusch obstructed justice when he fled, hid the gun, disposed of evidence and encouraged others to give a false alibi. Finally, Mr. Ruebusch qualified for a two-point reduction based on his acceptance of responsibility.

The Court also found that Mr. Ruebusch had five criminal history points. Mr. Ruebusch received one criminal history point for each of his three prior state court convictions. In 2013, he was sentenced to one year of court supervision based on his convictions for possession of a firearm / invalid Firearm Owner's Identification (FOID) card and resisting a peace officer. In 2017, Mr. Ruebusch was sentenced to 18 months of court supervision based on his convictions for misdemeanor battery and DUI. In 2018, he was sentenced to 24 months of probation based on a conviction for

---

[1] Mr. Ruebusch is correct that his sentences run consecutively, not concurrently as the government stated in its response. Based on the Bureau of Prisons Inmate Locator, however, the government correctly noted that his current projected release date is January 8, 2033.

manufacturing / delivery of between 30 and 500 grams of cannabis. Mr. Ruebusch received two additional criminal history points because he committed the offenses in the present case when he was on probation for his 2018 state court conviction.

Based on these findings, the Court determined that Mr. Ruebusch's offense level for count 1 was 30 and his criminal history was III; thus the applicable Sentencing Guideline range on count 1 was 121 months to 151 months of imprisonment. As indicated earlier, Mr. Ruebusch also faced a consecutive prison term of 120 years on count 3. The Court considered all of the relevant factors under 18 U.S.C. § 3553(a) to determine that a total sentence of 192 months (16 years) was appropriate. The Court broke the sentence down as 72 months of imprisonment on count 1 to be served consecutively with the mandatory minimum sentence of 120 months of imprisonment on count 3.

On May 8, 2025, Mr. Ruebusch filed a motion for a sentence reduction based on Amendment 821 to the Guidelines. Mr. Ruebusch also asked the Court to appoint an attorney to assist him with the motion. The Court referred the motion to the Federal Defender for consideration. On July 22, 2025, the Federal Defender reported that it did not intend to file any submission in support of Mr. Ruebusch's motion. The government filed its response on August 12, 2025, and Mr. Ruebusch filed a reply in support of his motion on December 9, 2025.

## Discussion

Section 3582(c)(2) permits "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" to move for a sentence reduction. 18 U.S.C. § 3582(c)(2).

4

"[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

*Dillon v. United States*, 560 U.S. 817 (2010), outlined a two-step inquiry for district courts adjudicating motions under section 3582(c)(2). Guided by U.S.S.G. § 1B1.10, a district court should first calculate the Guideline range that would have applied if the later amendment had been in effect at sentencing, leaving other Guideline applications unchanged. *Dillon*, 560 U.S. at 827. A district court should then consider any applicable section 3553(a) factors to determine whether a sentence reduction is warranted. *Id.* With limited exceptions that do not apply here, a sentence may not be reduced below the minimum of the amended Guideline range. U.S.S.G. § 1B1.10(b)(2).

Mr. Ruebusch argues that Amendment 821 supports his motion for a sentence reduction because he received two additional criminal history points for committing the instant offense while on probation for his state cannabis conviction. He argues that, if Amendment 821 had been in effect when he was sentenced, he would not have received these two criminal history points and thus he would have had a criminal history category II rather than III. Mr. Ruebusch does not challenge any other aspect of his sentence. The government does not dispute that Mr. Ruebusch's Guideline range would be different if Amendment 821 were in effect when he was sentenced. Instead, the government argues that the Court cannot reduce Mr. Ruebusch's sentence further because his 72-month sentence on count 1 is below the minimum of the amended Guideline range.

The Court begins by calculating the Guideline range that would have applied if

Amendment 821 had been in effect at Mr. Ruebusch's sentencing and determining whether Mr. Ruebusch's sentence on count 1 was below the minimum of that range. Prior to 2023, U.S.S.G. § 4A1.1 provided that a defendant received two criminal history points if he committed the relevant offense while under any criminal justice sentence, including probation or supervised release. U.S.S.G. Amendment 821, Pt. A. Mr. Ruebusch received two criminal history points under this provision because he was on probation for his 2018 state cannabis conviction when he committed the present offense. With his three prior convictions, he had five total criminal history points. Thus, the Court determined that Mr. Ruebusch's advisory Guideline range on count 1 was 121 to 151 months based on a category III criminal history and an offense level of 30.

In 2023, Part A of Amendment 821 amended U.S.S.G. § 4A1.1. Under the amended version, a defendant no longer receives two criminal history points if he was serving a criminal justice sentence when he committed the instant offense. U.S.S.G. Amendment 821, Pt. A. After the amendment, a defendant receives one additional criminal history point if he: (1) has seven or more criminal history points based on prior convictions; and (2) commits the present offense while under any criminal justice sentence, including probation or supervised release. U.S.S.G. § 4A1.1(e). The Sentencing Commission expressly stated that this change applies retroactively. U.S.S.G. § 1B1.10(d).

The government does not dispute that, if sentenced today, U.S.S.G. § 4A1.1(e) would not apply to Mr. Ruebusch, and he would have three criminal history points instead of five, making his criminal history category II, not III. Thus his Guideline range for count 1 would be 108 to 135 months of imprisonment based on a criminal history

6

category of II and an offense level of 30.

Relying on this amended Guideline range, Mr. Ruebusch asks the Court to reduce his sentence on count 1 from 72 months to 59 months. He argues that this reduction is warranted because, when imposing his sentence on count 1, the Court deviated downward from the minimum of his original Guideline range by 49 months (121 months to 72 months). He argues that if one applies this same downward deviation to his amended Guideline range, his sentence on count 1 would be 59 months.

As the government points out, however, U.S.S.G. § 1B1.10(b)(2)(A) does not permit the relief Mr. Ruebusch requests. Specifically, the Court may not "reduce the defendant's term of imprisonment under . . . § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Davis*, 669 F. App'x 785, 787 (7th Cir. 2016) ("Unequivocally, the Sentencing Guidelines and our case law prohibit a court from reducing a term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range."). As discussed, Mr. Ruebusch's amended Guideline range for count 1 is 108 to 135 months. But the Court sentenced him to 72-months of imprisonment on that count, which is 36 months below the low end of his amended Guideline range. Thus the Court may not further reduce Mr. Ruebusch's sentence.

The Court also notes that it did not rely on a particular downward deviation from the Guideline range when determining the appropriate sentence for Mr. Ruebusch. In fact, the Court expressly stated that it was not bound by the Guideline range. Jan. 8, 2021 Sentencing Transcript at 56:7–11. The Court also noted it considered all relevant

7

factors, including both offenses together, to determine an appropriate overall sentence. *Id.* at 56:11 – 57:21.

Because the sentence the Court imposed for count 1 is below the low end of the amended Guideline range, the Court need not review the section 3553(a) factors. That said, the Court wishes to note that it is clear that Mr. Ruebusch has made a significant and commendable effort toward rehabilitation and improvement while incarcerated. This will serve him and the community well when he completes his term of imprisonment. It does not, however, permit the Court to reduce his sentence.

## Conclusion

For the reasons stated above, the Court denies Mr. Ruebusch's motion for a sentence reduction [dkt. no. 175].

Date: February 9, 2026

_____
MATTHEW F. KENNELLY
United States District Judge